UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TRUSTEES of the LOCAL 1034 PENSION TRUST     :
FUND,                                         :
                                              :
                          Plaintiffs,         :          No.: _____
                                              :
            - against -                       :
                                              :
QUEENS FUNERAL LIVERY INC.; XYZ               :
CORPORATIONS 1-10; and JOHN AND JANE          :
DOES 1-10,                                    :
                                              :
                          Defendants.         :
-------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 1034 Pension Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendant Queens Funeral Livery Inc. ("Queens Funeral"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

**I.   INTRODUCTION**

1.   This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of Queens Funeral's obligation to contribute to the Fund as of July 31, 2019.

2.   Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover: (i) $185,707.00 for Queens Funeral's allocated share of the Fund's unfunded vested benefits; (ii) $37,141.40 in liquidated damages; (iii) $8,971.96 in interest, calculated through June 12, 2020; (iv) attorneys' fees, in an amount to be determined; (v) costs, in an amount

to be determined; and all other relief that the Court may deem just and equitable.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because Queens Funeral and, upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10, reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III. PARTIES

6. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to collective bargaining agreements in accordance with the Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C.§§ 1002(37) and 1145.  The Fund is administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York 11101.

7. Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Queens Funeral is a for-profit domestic corporation having its principal place of business at 132-14 11th Avenue, College Point, New York 11356.

9. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with Queens Funeral within the meaning of ERISA § 4001(b)(1), 29 U.S.C.

§ 1301(b)(1).

10. Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with Queens Funeral within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## IV. BACKGROUND

11. Queens Funeral was party to a collective bargaining agreement (the "CBA") with Local Union No. 813, International Brotherhood of Teamsters (the "Union"), which required Queens Funeral to remit contributions to the Fund for covered work performed by its employees.

12. As of July 31, 2019, Queens Funeral ceased all covered operations within the meaning of the CBA and/or ceased to have an obligation to contribute to the Fund.

13. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by letter dated August 27, 2019, a true and correct copy of which is attached as **Exhibit A**, the Trustees notified Queens Funeral that it had effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), as of July 31, 2019, and that its allocated share of the unfunded vested liabilities of the Fund was $185,707.00, which amount was payable in monthly installments, the first of which was due on or before October 28, 2019.

14. After having not received the first payment, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by letter dated October 30, 2019, a true and correct copy of which is attached as **Exhibit B**, the Trustees notified Queens Funeral that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days. The letter also notified Queens Funeral that if it failed to timely cure the default, the Fund would elect to accelerate Queens Funeral's withdrawal liability and assess

3

interest on the total outstanding liability.

15. After having not received the demanded payment within sixty (60) days, on or about January 3, 2020, the Trustees notified Queens Funeral that it had failed to cure its default, and that the entire amount of its withdrawal liability along with accrued interest was immediately due and owing. A true and correct copy of the notice is attached as **Exhibit C**.

16. Queens Funeral has failed to remit any amounts towards the withdrawal liability assessed by the Fund and has failed to timely request a review of the assessment pursuant to ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A).

17. Queens Funeral has also failed to timely initiate arbitration proceedings in accordance with ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), and therefore, the amount of the assessment is uncontestable and is immediately due and owing.

## COUNT I

### Withdrawal Liability Owed by Queens Funeral to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

18. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

19. As required by ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), the Trustees notified Queens Funeral that it had effectuated a complete withdrawal from the Fund and that its allocated share of the unfunded vested liabilities of the Fund was payable in monthly installments, the first of which was within sixty (60) days of the date of the letter. (Ex. A.)

20. After having not received the first payment, pursuant to ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), the Trustees notified Queens Funeral that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days. (Ex. B.)

21. After having not received the demanded payment within sixty (60) days, the Trustees notified Queens Funeral that it had failed to cure its default, and that the entire amount of

4

its withdrawal liability along with accrued interest was immediately due and owing. (Ex. C.)

22. Queens Funeral waived any defenses because it failed to timely request a review of the assessment pursuant to ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A) and because Queens Funeral failed to timely initiate arbitration pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1).

23. Accordingly, Plaintiffs, the Trustees of the Fund, demand judgment against Queens Funeral in the amount of $231,820.36, which amount includes: (i) $185,707.00 for Queens Funeral's allocated share of the Fund's unfunded vested benefits; (ii) $37,141.40 in liquidated damages; (iii) $8,971.96 in interest, calculated through June 12, 2020; (iv) attorneys' fees, in an amount to be determined; (v) costs, in an amount to be determined; and all other relief that the Court may deem just and equitable.

## COUNT II

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

24. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

25. As of July 31, 2019, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with Queens Funeral within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

26. As such, XYZ Corporations 1-10 are jointly and severally liable with Queens Funeral for the withdrawal liability resulting from Queens Funeral's complete withdrawal from the Fund.

27. Plaintiffs, the Trustees of the Fund, demand judgment against XYZ Corporations 1-10 in the total amount of $231,820.36, which amount includes: (i) $185,707.00 for Queens Funeral's allocated share of the Fund's unfunded vested benefits; (ii) $37,141.40 in liquidated damages; (iii) $8,971.96 in interest, calculated through June 12, 2020; (iv) attorneys' fees, in an

amount to be determined; (v) costs, in an amount to be determined; and all other relief that the Court may deem just and equitable.

## COUNT III

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

28. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

29. As of July 31, 2019, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with Queens Funeral within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

30. As such, John and Jane Does 1-10 are jointly and severally liable with Queens Funeral for the withdrawal liability resulting from Queens Funeral's complete withdrawal from the Fund.

31. Plaintiffs, the Trustees of the Fund, demand judgment against John and Jane Does 1-10 in the total amount of $231,820.36, which amount includes: (i) $185,707.00 for Queens Funeral's allocated share of the Fund's unfunded vested benefits; (ii) $37,141.40 in liquidated damages; (iii) $8,971.96 in interest, calculated through June 12, 2020; (iv) attorneys' fees, in an amount to be determined; (v) costs, in an amount to be determined; and all other relief that the Court may deem just and equitable.

Dated: June 12, 2020  **PROSKAUER ROSE LLP**

By: _/s/ Neil V. Shah_
Neil V. Shah

Eleven Times Square
New York, New York 10036
(212) 969-3028
nshah@proskauer.com

Anthony S. Cacace
Eleven Times Square
New York, New York 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*